IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELLEE KENDELL,**

      **Plaintiff,**

    v.                                    **Civil Action 2:20-cv-985**
                                                  **Judge James L. Graham**
                                                  **Magistrate Judge Jolson**

**CLEMENT BURR SHANKLIN, et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Stay Discovery. (Doc. 23). For the following reasons, the Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff Kellee Kendell has brought suit against Defendants Clement Shanklin, George Shanklin, Dolly Marie Days, and Pinnacle Global Investments for alleged breach of contract, fraud, assault, invasion of privacy/harassment, emotional distress, civil conspiracy, promissory estoppel, and unjust enrichment. (*See generally* Doc. 1). The individual Defendants are proceeding pro se, and Defendant Pinnacle Global Investments has been ordered to secure counsel by June 19, 2020. (*See* Doc. 28). This case is in its early stages, and the Court has not yet held the preliminary pretrial conference. (*See* Doc. 26). Defendants have filed multiple motions to dismiss, both individually and collectively. (*See* Docs. 19, 24, 25, 34). But their Motion to Stay (Doc. 23) concerns only their first Motion to Dismiss (Doc. 19). While that motion pends, they seek to avoid discovery. (*See* Docs. 23, 33).

In moving to stay discovery, Defendants contend that their Motion to Dismiss "is likely to result in the dismissal of Plaintiff's claims . . . in their entirety," and that "allowing Plaintiff to conduct discovery before the Court has addressed the Defendants' issues on which Defendants' Motion is based would diminish those rights and would also unfairly prejudice Defendants to impose the time and costs of discovery on them before the motion is resolved." (*Id*. at 3). Plaintiff responds that Defendants have not established good cause to stay discovery. (Doc. 30 at 3). The Court agrees.

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). "In assessing whether a stay is appropriate, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id*. (quotation marks and citation omitted). And district courts have broad discretion to stay or limit discovery. *See id*. But "[i]n exercising [this] discretion," *id*., a "general rule" has emerged: "this Court is not inclined to stay discovery while a motion to dismiss is pending." *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009); *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted) ("[T]he Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay in discovery.")

Courts generally deviate from this rule only in "special circumstances." *Shanks*, 2009 WL 2132621, at *1. For example, a discovery stay might promote judicial economy where the defendant's motion to dismiss "raise[s] a defense, such as absolute or qualified immunity, which

must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted).  Otherwise, "[t]he Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

### III. DISCUSSION

Defendants have not shown that discovery should be stayed.  In their Motion to Stay, they contend only that their Motion to Dismiss "is likely to result in [] dismissal" and that "the time and costs of discovery" would "unfairly prejudice" them.  (Doc. 23 at 3).  But, upon review, Defendants' Motion to Dismiss (Doc. 19) does not present threshold legal issues "which must, as a matter of law, be addressed before discovery proceeds," *Shanks*, 2009 WL 2132621, at *1.  And "a garden-variety Rule 12(b)(6) motion," like Defendants' is "insufficient to justify a stay of discovery." *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018) (quotation marks and citations omitted).

Nor does "it appear[] that the complaint will almost certainly be dismissed." *Shanks*, 2009 WL 2132621, at *1 (citing *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *2 (S.D. Ohio Mar. 4, 2008) (noting that, "unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion")).  While Defendants contend that their motion is "likely" to be granted (Doc. 23 at 3), the Court finds that Plaintiff's Complaint is not "utterly frivolous," *Ohio Bell Tel. Co.*, 2008 WL 641252, at *1 (quotation marks and citation omitted).  Given that, the Court is "not inclined to grant a stay based on one party's view of the strength of

3

its Motion to Dismiss." *Dummen NA, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-CV-00709, 2017 WL 4868201, at *1 (S.D. Ohio May 3, 2017).

Regarding the potential burden of discovery, Defendants state simply that "the time and cost of discovery" would "unfairly prejudice" them. (Doc. 23 at 3). But "the standard time and expense required to respond to discovery requests" is not an undue burden. *Greenbush Brewing*, 2019 WL 7582856, at *1. Absent an explanation of how engaging in discovery would unduly burden or prejudice them, Defendants' argument does not tip the scale in their favor. *See, e.g.*, *City of Lancaster*, 2011 WL 1326280, at *5 (denying motion to stay where movant relied "solely on the notion that [discovery] will impose additional costs that will ultimately prove unnecessary" but failed "to detail the specific burdens it will face from discovery in this case" or "explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court").

In sum, Defendants have not shown that good cause exists to stay discovery. The parties are, therefore, **ORDERED** to meet and confer to decide whether any current case deadlines should be modified. If so, they are **DIRECTED** to file a joint proposed case schedule within seven days. The Court will hold the preliminary pretrial conference at 10:30 a.m. on June 17, 2020.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery (Doc. 23) is **DENIED**.

IT IS SO ORDERED.

Date: June 4, 2020              /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE