# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KELLEE KENDELL,**

      **Plaintiff,**

   v.                                       Civil Action 2:20-cv-985
                                                 Magistrate Judge Jolson

**CLEMENT BURR SHANKLIN, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Rule 37 Motion for Order Compelling Compliance with Discovery Requests. (Doc. 46). Plaintiff's Motion is **GRANTED in part** and **DENIED in part**. Because the Clerk entered default as to Defendant Pinnacle Global Investments, LLC, (*see* Doc. 47), and because George Shanklin and Dolly Days are no longer Defendants in this case, (*see id*.), Plaintiff's Motion to Compel Discovery from these Defendants is **DENIED as moot**. Plaintiff's Motion to Compel Defendant Clement Shanklin's discovery responses is **GRANTED**, and Defendant Shanklin is **DIRECTED** to respond to Plaintiff's discovery requests within twenty-eight (28) days of the date of this Opinion and Order. Plaintiff and Defendant Shanklin are **ORDERED** to file a joint status report within fourteen (14) days of Defendant's discovery responses, updating the Court on the status of that discovery. Plaintiff's request for fees and expenses associated with the instant Motion is **HELD IN ABEYANCE** pending Defendant's compliance with this Opinion and Order.

## I. BACKGROUND

On May 27, 2020, Plaintiff served her second set of discovery requests, consisting of 33 interrogatories, 31 requests for documents, and 17 requests for admissions. (*See generally* Doc. 46-1). Plaintiff, on multiple occasions, requested Defendant Shanklin's response, (*see generally* Doc. 46), but was unsuccessful. So Plaintiff moved to compel on August 21, 2020, (Doc. 46) and, on September 4, 2020, the Court directed Defendant Shanklin to respond to Plaintiff's Motion within two weeks (Doc. 47). This matter is now ripe for resolution. (*See* Docs. 46, 49, 51).

## II. STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a). Rule 37 allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3).

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "While relevancy is broad, 'district

courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

### III. DISCUSSION

Up front, the Court notes that, while Plaintiff failed to comply with this Court's requirement that the parties arrange a conference with the Undersigned before filing a discovery motion, (*see* Doc. 38 at 2–3), she complied with Rule 37's procedural requirement to certify that she conferred with Defendant in an effort to avoid court action. *See* Fed. R. Civ. P. 37(a)(1). Specifically, Plaintiff certifies that she served Defendant Shanklin with her first set of interrogatories, second request for production of documents, and first request for admissions on May 27, 2020. (Doc. 46 at 5). On June 30, when she had not received a response from Defendant, Plaintiff "requested compliance with her discovery request." (*Id.*). Defendant apparently "refused to comply." (*Id.*). Following the dissolution of their tentative settlement agreement, Plaintiff again requested the outstanding discovery. (*Id.* at 6). Still, Defendant "refused to respond." (*Id.*).

"[I]t is important for all litigants, including those proceeding without counsel," like Defendant here, "to understand that the Federal Rules of Civil Procedure authorize extremely broad discovery." *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 457 (S.D. Ohio 2012) (citations omitted). Importantly, although Defendant "is acting pro se without counsel, this does not excuse [him] from producing discovery." *Id.* (citing *In re Family Resorts of Am., Inc.*, 972 F.2d 347 (6th

3

Cir. 1992)). "The Court of Appeals has made clear that 'while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.'" *Ward*, 279 F.R.D. at 457 (quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)).

Defendant "has offered no [] reason for [his] failure to provide discovery nor has [he] provided any specific objection to any discovery request." *Ward*, 279 F.R.D. at 458. Rather, in responding to Plaintiff's Motion to Compel, Defendant appears to believe he is not required to produce discovery because, from his perspective, Plaintiff's case is "a trivial and untrue legal pursuit[.]" (Doc. 49 at 1). But the Court has permitted Plaintiff's claims against Defendant Shanklin to proceed past the pleadings, meaning the parties must now engage in discovery. Indeed, "[i]nformation subject to disclosure during discovery need not relate directly to the merits or defenses of the parties. Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation." *Ward*, 279 F.R.D. at 458.

Defendant also cursorily asserts that the "documents requested and the questions posed are not relevant to the lawsuit" and that Plaintiff has not shown "good cause" for requesting such discovery. (Doc. 49 at 1–2). Defendant misunderstands how the rules governing discovery work. As noted, Rule 26 "is liberally construed in favor of allowing discovery." *Ward*, 279 F.R.D. at 457 (citing *Dunn v. Midwestern Indemnity*, 88 F.R.D. 191, 195 (S.D. Ohio 1980)). True, "the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request." *Ward*, 279 F.R.D. at 458 (citation omitted). The Court may also "limit or even preclude discovery which . . . is

4

unreasonably duplicative, or the burden of providing discovery outweighs the benefits[.]"  *Id*. (citing Fed. R. Civ. P. 26(b)(2)).

But Defendant is still required to respond to Plaintiff's requests for discovery and raise any such objection in that response.  *See, e.g.*, *Ward*, 279 F.R.D. at 458 ("Ms. Ward has offered no other reason for her failure to provide discovery nor has she provided any specific objection to any discovery request.  Consequently, the motion to compel will be granted and Ms. Ward will be directed to provide the requested discovery . . . within fourteen days.").  Accordingly, Plaintiff's Motion to Compel Defendant's discovery responses is **GRANTED**, and Defendant Shanklin is **ORDERED** to respond to these requests within twenty-eight (28) days of the date of this Opinion and Order.  Should he fail to comply with this Order, the Court will consider Plaintiff's request for fees and expenses at that time.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 46) is **GRANTED in part** and **DENIED in part**.  Because the Clerk entered default as to Defendant Pinnacle Global Investments, LLC, (*see* Doc. 47), and because George Shanklin and Dolly Days are no longer Defendants in this case, (*see id*.), Plaintiff's Motion to Compel Discovery from these Defendants is **DENIED as moot**.  Plaintiff's Motion to Compel Defendant Clement Shanklin's discovery responses is **GRANTED**, and Defendant Shanklin is **DIRECTED** to respond to Plaintiff's discovery requests within twenty-eight (28) days of the date of this Opinion and Order.  Plaintiff and Defendant Shanklin are **ORDERED** to file a joint status report within fourteen (14) days of Defendant's discovery responses, updating the Court on the status of that discovery.  Plaintiff's request for fees and expenses associated with the instant Motion is **HELD IN ABEYANCE** pending Defendant's compliance with this Opinion and Order.

IT IS SO ORDERED.

Date: October 5, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE