IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELLEE KENDELL,**

      **Plaintiff,**

   v.                                          **Civil Action 2:20-cv-985**
                                                                 **Magistrate Judge Jolson**

**CLEMENT BURR SHANKLIN, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the following: Plaintiff's First Motion to Amend Complaint (Doc. 50); Plaintiff's Motion for Sanctions for Refusal to Appear for Deposition (Doc. 54); Plaintiff's Motion for Attorney Fees (Doc. 57); Defendant's Motion to Dismiss (Doc. 59); and Defendant's Motion to Strike (Doc. 60). For the reasons that follow, Plaintiff's Motion for Leave to Amend (Doc. 50) is **GRANTED**, and the Clerk shall file Document Number 50-1 as the Amended Complaint in this case. Further, Plaintiff's Motion for Sanctions (Doc. 54) is **DENIED**, and Plaintiff's Motion for Attorney's Fees (Doc. 57) is **GRANTED in part and DENIED in part**. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, Plaintiff is **AWARDED** $546.88 in attorney's fees and $18.75 in costs, for a total of award of $565.63. Finally, Defendant's Motion to Dismiss (Doc. 59) and Motion to Strike (Doc. 60) are both **DENIED**.

    **I.**       **BACKGROUND**

The Court has previously detailed the allegations in this case. (*See* Doc. 47 at 2–4). On September 4, 2020, the Court dismissed Plaintiff's claims against Defendants George Shanklin

and Dolly Days and directed the Clerk to enter default against Pinnacle Global Investments, LLC ("Pinnacle"). (*See generally* Doc. 47). As for the remaining individual Defendant, Clement Shanklin, the Court dismissed several of Plaintiff's claims against him, including for assault, invasion of privacy, emotional distress, and civil conspiracy. (*See generally id.*).

Plaintiff now moves to amend her Complaint. (Doc. 50). Her request is narrow—she seeks to add allegations supporting only her claim for emotional distress against Defendant Clement Shanklin. (*See generally id.*). The Court expedited briefing on Plaintiff's Motion. (Doc. 52). Instead of responding to Plaintiff's Motion, Defendant filed an Answer to the Proposed Amended Complaint. (Doc. 53). The Court, therefore, considers Plaintiff's Motion to be unopposed. Plaintiff also moves for sanctions against Defendant for his failure to appear at his first noticed deposition. (Doc. 54). Additionally, she seeks attorney's fees against Defendant Shanklin and the previously dismissed Defendants for their failure to waive service. (Doc. 57). Defendant, for his part, moves to dismiss the Proposed Amended Complaint and to strike the affidavit in support of Plaintiff's request to amend. (*See* Docs. 59, 60). Each motion is ripe for resolution.

## II.  MOTION FOR LEAVE TO AMEND (Doc. 50)

The Court first addresses Plaintiff's request to amend. Previously, the Court dismissed Plaintiff's emotional distress claim for failure to plead with particularity as required under Ohio law. (Doc. 47 at 16–17). Plaintiff now seeks to cure that defect. In her Proposed Amended Complaint, she includes additional details of an alleged severe emotional injury, including that she isolated herself, failed to attend to her physical appearance, experienced drastic changes in her mood, cried incessantly, suffered from constant headaches, and experienced heart palpitations. (Doc. 50-1 at ¶ 29).

Because Plaintiff seeks to amend after the Court's July 15, 2020, amendment deadline, (*see* Doc. 38), she faces a good cause standard for not seeking amendment sooner. *See* Fed. R. Civ. P. 16(b). Plaintiff does not address Rule 16(b)'s requirements, relying instead on its more generous counterpart, Rule 15(a). (*See generally* Doc. 50). Because, however, Defendant did not respond to Plaintiff's Motion—despite the Court setting a briefing schedule on it (*see* Doc. 52)— the Court will exercise its discretion and not stringently test Plaintiff's Motion. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (noting that trial courts enjoy broad discretion in deciding motions for leave to amend).

Rather, because the Court finds that amendment will not unduly prejudice Defendant, and as there is no evidence of Plaintiff's "undue delay, bad faith[,] dilatory motive . . ., [or] "repeated failures to cure deficiencies by amendments previously allowed," Plaintiff should be granted leave to amend her Complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This is Plaintiff's first request to amend, and any prejudice to Defendant will be slight since Plaintiff first brought her emotional distress claim nearly a year ago. Moreover, nearly two months of discovery remain, and the dispositive motion deadline is not until April 1, 2021.

In sum, in light of Rule 15(a)'s liberal policy in favor of amendment, Plaintiff's unopposed Motion (Doc. 50) is **GRANTED**. The Clerk shall file Document Number 50-1 as Plaintiff's First Amended Complaint.

### III.    DEFENDANT'S MOTION TO DISMISS (Doc. 59)

Up front, the Court notes that Defendant's Motion to Dismiss is premature. Defendant filed it before the Court adopted the Proposed Amended Complaint as the operative pleading in this matter. Regardless, Defendant's Motion fails on the merits. It is nearly identical to his first Motion to Dismiss (Doc. 19). Indeed, he simply recycles his earlier argument that Plaintiff fails

to allege the necessary consideration to state a claim for breach of contract (Doc. 59 at 4–6), and fails to state a claim for fraud in the inducement, promissory estoppel, or unjust enrichment (*id.* at 6–9). The Court already rejected these arguments and does so again now. (*See generally* Doc. 47).

Accordingly, Defendant's Motion (Doc. 59) is **DENIED**. Yet, the Court does not find that Defendant brought the Motion in bad faith, so Plaintiff's requests for costs associated with responding to it (s*ee* Doc. 61 at 5) is **DENIED**. The Court does, however, caution Defendant that he is required to abide by the Federal Rules of Civil Procedure as well as this Court's Local Rules when making submissions to the Court. This is true even despite Defendant's pro se status. *See Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 457 (S.D. Ohio 2012).

## IV.     DEFENDANT'S MOTION TO STRIKE (Doc. 60)

Next, Defendant moves to strike the affidavit of Plaintiff's friend, Tiffani R. Sossei (Doc. 50-2), upon which Plaintiff relies in seeking leave to amend. (Doc. 60). In her affidavit, Ms. Sossci attests to Plaintiff's allegedly worsening physical and emotional state resulting from Defendant's alleged conduct. (*See generally* Doc. 50-2). Defendant asserts that the affidavit should be stricken because it is "irrelevant," "speculative," and "self-serving." (Doc. 60 at 3).

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Plaintiff responds that Rule 12(f) does not apply to the affidavit because it is not a pleading. (Doc. 61 at 4). And that is certainly true as to affidavits or other exhibits attached to dispositive motions. *See Baker v. Shelby Cty. Gov't*, No. 05-2798 B/P, 2008 WL 245888, at *3 (W.D. Tenn. Jan. 28, 2008) (collecting cases).

4

But the affidavit here is attached to a pleading—Plaintiff's Proposed Amended Complaint. So the Court applies Rule 12(f) and will strike the affidavit only if it is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). *See, e.g.*, *Gardner v. Cont'l Cas. Co.*, No. 4:13CV00552 JLH, 2013 WL 12069008, at *1 (E.D. Ark. Nov. 27, 2013) (applying Rule 12(f) to an affidavit attached to the complaint). And because the affidavit pertains to Plaintiff's emotional distress claim and contains the affiant's reports of Plaintiff's mental and physical symptoms, the Court will not strike it. (*See generally* Doc. 50-1).

It is worth noting, although neither raises party does so, that the affidavit goes beyond the requirements of Rule 8(a) as it "pleads evidence." *Gardner*, 2013 WL 12069008, at *1. "'Nonetheless, it is contrary to the spirit of the federal rules to assert a technical objection of this character to a pleading that has given fair notice of the claim for relief,'" so "'many federal courts have overlooked the presence of evidentiary material in a complaint.'" *Id*. (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1218 (3d ed. 2004)).

Additionally, Defendant does not suggest that the affidavit prejudices his ability to defend himself in this litigation. Rather, he attacks the affidavit on its merits, arguing, for example, that the affiant "was not around during the period of time in question" and that her statements are "based on hearsay." (Doc. 60 at 3–4). The Court will consider such arguments at the proper time—when this case proceeds past the pleadings.

For the reasons set forth above, Defendant's Motion to Strike (Doc. 60) is **DENIED**. Again, because the Court does not find that Defendant brought the Motion in bad faith, Plaintiff's requests for costs and fees associated with responding to the Motion, (Doc. 61 at 5), is **DENIED**.

## V. PLAINTIFF'S MOTION FOR SANCTIONS (Doc. 54)

Turning to matters beyond the pleadings, Plaintiff moves for sanctions under Rule 37(d) of the Federal Rules of Civil Procedure for Defendant's failure to appear at his July 10, 2020, deposition. (Doc. 54). Specifically, Plaintiff asks the Court to enter default judgment in her favor and award her expenses and attorney's fees. (*See id.*).

Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure allows the Court to order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." But Plaintiff's request that the Court enter default judgment in her favor is a "draconian sanction," issued in only extreme circumstances, none of which are present here. *Peterson v. Payton*, No. 10-14403, 2012 WL 7018238, at *1 (E.D. Mich. Nov. 28, 2012), *report and recommendation adopted*, No. 10-14403, 2013 WL 489713 (E.D. Mich. Feb. 8, 2013) (quotation marks and citation omitted); *see also Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985) ("Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault.").

Regarding Plaintiff's request for expenses and attorney's fees, the Court has "wide discretion." *Davis v. JP Morgan Chase Bank, N.A.*, No. 15-10805, 2015 WL 5014095, at *1 (E.D. Mich. Aug. 24, 2015). In exercising this discretion, four factors matter: (1) whether Defendant's failure to appear was "due to willfulness, bad faith or fault"; (2) whether Plaintiff was prejudiced by Defendant's failure to appear; (3) whether Defendant was warned that his failure to appear could lead to sanctions; and (4) whether less drastic sanctions were first imposed or considered. *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (citation omitted).

On balance, these factors do not support sanctions. Plaintiff contends, in conclusory fashion, that "Defendant Shanklin's refusal was willful." (Doc. 54 at 3). But apart from her accusations regarding the parties' now-defunct settlement agreement (*see id.*)—an issue not currently before the Court—there is no evidence of Defendant's bad faith or willfulness associated with his failure to attend his first noticed deposition. Rather, Defendant says he relies on the public library to check his email, and the pandemic has limited his access. (Doc. 65 at 2). Accordingly, he represents he did not know the date and time of his deposition, and "Counsel never attempted to contact [him] and identify a date and time for the deposition." (*Id.*). While Plaintiff correctly notes that "the coordination of deposition dates is a professional courtesy rather than a requirement," (Doc. 67 at 4 (citation omitted)), such courtesies would likely avoid this sort of motions practice.

More importantly, Plaintiff deposed Defendant for over five hours on November 3, 2020. Accordingly, any prejudice to Plaintiff is slight. *Cf. Getachew v. Cent. Ohio Workforce Inv. Corp.*, No. 2:11-CV-169, 2012 WL 6611588, at \*2 (S.D. Ohio Dec. 19, 2012) ("[D]efendant has established that plaintiff agreed—twice—to the time and place of his deposition and yet failed to appear on each occasion without notice, explanation or justification. The resulting prejudice to defendant is patent[.]"); *Sweet v. Life Care*, No. 2:11-0122, 2012 WL 5830595, at \*2 (M.D. Tenn. Oct. 16, 2012), *report and recommendation approved*, No. 2:11-0122, 2012 WL 5830589 (M.D. Tenn. Nov. 16, 2012) ("Although the Defendant twice rescheduled the plaintiff's deposition to accommodate her schedule, the plaintiff failed to appear for a properly noticed deposition . . . She has likewise failed to offer any kind of after-the-fact explanation for her conduct and has failed to respond to the Motion to Dismiss.").

While the Court recognizes that Defendant's failure to appear at his first noticed deposition resulted in some prejudice to Plaintiff, the Court again notes Defendant's pro se status and that, as a general matter, he has been actively engaged in this litigation. The imposition of sanctions against him is not warranted. And Plaintiff's Motion for Sanctions (Doc. 54) is **DENIED**.

### VI.   PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. 57)

Turning to the final pending motion, Plaintiff seeks costs and attorney's fees against Defendant, as well as Dolly Days and George Shanklin (whom the Court dismissed) and Pinnacle (which is in default) for their failure to waive service. (Doc. 57). In April 2020, Plaintiff filed four separate motions for the same (Docs. 14, 16, 17, 18), which the Court denied without prejudice, as Plaintiff failed to provide the necessary supporting evidence, (Doc. 47 at 24–25). Plaintiff now moves for a second time for costs and attorney's fees against all four. (Doc. 57).

Rule 4(d) of the Federal Rules of Civil Procedure provides that an individual, corporation, or association that is subject to service "has a duty to avoid unnecessary expenses of serving the summons." To that end, "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." *Id*. "The Rule is particularly specific in what is required for a waiver to be properly effected." *Horn-Brichetto v. Smith*, No. 3:17-CV-163, 2019 WL 921454, at *25 (E.D. Tenn. Feb. 25, 2019), *appeal dismissed*, No. 19-5275, 2019 WL 2601566 (6th Cir. May 15, 2019).

The waiver notice and request must: (1) be in writing and addressed to the individual defendant, or an officer, managing, or general agent authorized to receive service; (2) name the court where the complaint is filed; (3) be accompanied by a copy of the complaint, two copies of the waiver form appended to Rule 4, and a prepaid means for returning the form; (4) inform the defendant of the consequences of waiving and not waiving service; (5) state the date the request is

8

sent; (6) give the defendant a reasonable time of at least thirty days after the request was sent to return the waiver; and (7) be sent by first-class mail or other reliable means. Fed. R. Civ. P. 4(d).

Under Rule 4(d)(2), the defendant is liable for the costs and expenses of follow-up service when the attempt to secure a waiver of formal service has been refused, as well as the reasonable expenses of any motion required to collect the costs of the follow-up service. But before a plaintiff is entitled to such an award, she must first "make a sufficient showing that [she] satisfactorily complied with Rule 4(d)(1)." *McCoy v. Carlson*, No. 3:17-CV-432, 2019 WL 2240246, at *1 (S.D. Ohio May 24, 2019), *report and recommendation adopted*, No. 3:17-CV-432, 2019 WL 2617576 (S.D. Ohio June 26, 2019) (quotation marks omitted) (collecting cases).

Plaintiff has satisfied her burden as to only Defendant Clement Shanklin. For evidence, she attaches the waiver request mailed to him (Doc. 57-4 at 1), as well as the certified mail receipt for that request (*id*. at 2). Plaintiff's counsel further attests in a sworn affidavit that, on February 24, 2020, he "instructed the United States Postal Service [] to deliver, by certified mail with return receipt, a Notice of lawsuit and Request to Waive Summons, two copies of Waiver of Service of Summons, the Complaint, and a self-addressed, postage paid envelope to Defendant Clement Shanklin." (Doc. 57-3, ¶ 2). After Defendant failed to waive service in the allotted time, Plaintiff's counsel requested a summons from the Clerk of Court and paid a process server $18.75. (*Id*., ¶¶ 3, 5). Plaintiff's counsel then prepared the instant Motion. (*Id*., ¶6).

Plaintiff provides no such evidence as to Defendants George Shanklin, Dolly Days, or Pinnacle. Plaintiff's counsel's affidavit does not refer to them at all. (*See generally id*.). And, as the Court noted in its Opinion and Order denying Plaintiff's first round of Rule 4(d) Motions, Plaintiff may not simply rely on the fact that Defendant Clement Shanklin signed and returned the certified mail receipt as evidence that the other three Defendants received the proper paperwork.

(Doc. 47 at 25). Rather, Plaintiff was required to "provide evidence that [those Defendants] received the waiver documents, or at a minimum, an explanation supported by binding legal authority that Clement Shanklin's signature is sufficient." (*Id*.). Plaintiff provides no such evidence or legal authority (*see generally* Doc. 57) and fails to meet her burden under Rule 4(d) as a result.

Regarding Plaintiff's award from Defendant Clement Shanklin, Plaintiff requests $546.88. (Doc. 57). Her counsel attests he spent 6.25 hours at a $350 hourly rate "devoted to preparation of this Motion allocated equally to each of four Defendants." (Doc. 57-3, ¶ 6). The Court, therefore, assumes Plaintiff seeks $546.88 from each Defendant. As Plaintiff has shown he is entitled to fees and costs from only Defendant Clement Shanklin, her Motion (Doc. 57) is **GRANTED in part and DENIED in part**. Defendant Clement Shanklin is **ORDERED** to pay Plaintiff $546.88 in attorney's fees and $18.75 in costs, for a total of award of $565.63. Such an award is reasonable and consistent with what other courts grant in similar circumstances. *See, e.g.*, *Newbanks v. PortNexus Corp.*, No. 1:15CV300, 2016 WL 1110317, at *7 (S.D. Ohio Mar. 22, 2016) (approving attorney's $250 hourly rate and 8.4 hours associated with Rule 4(d) motion where defendant refused service, leading to additional time in preparing the motion and supporting materials); *Wilson v. D & N Masonry, Inc.*, No. 1:12-CV-922, 2013 WL 3148410, at *2 (S.D. Ohio June 19, 2013) (ordering defendants pay $324.60 in costs and attorney's fees for their failure to waive service); *Graham v. Carter*, No. 2:10-CV-50, 2010 WL 11561244, at *1 (E.D. Tenn. Aug. 9, 2010) (approving $270 in costs and attorney's fees for defendant's failure to waive service).

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend (Doc. 50) is **GRANTED**, and the Clerk shall file Document Number 50-1 as the Amended Complaint in this case. Further,

10

Plaintiff's Motion for Sanctions (Doc. 54) is **DENIED**, and Plaintiff's Motion for Attorney's Fees (Doc. 57) is **GRANTED in part and DENIED in part**. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, Plaintiff is **AWARDED** $546.88 in attorney's fees and $18.75 in costs, for a total of award of $565.63. Finally, Defendant's Motion to Dismiss (Doc. 59) and Motion to Strike (Doc. 60) are both **DENIED**.

    IT IS SO ORDERED.

Date: December 16, 2020                          /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE