IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELLEE KENDELL,**

    **Plaintiff,**

    v.                                       Civil Action 2:20-cv-985
                                                Magistrate Judge Jolson

**CLEMENT BURR SHANKLIN, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's First Motion to Show Cause (Doc. 71), Plaintiff's First Motion to Clarify (Doc. 73), and Plaintiff's First Motion for Sanctions Regarding Pay Plan Conduct (Doc. 81). The Motions are **DENIED**. Additionally, this matter is referred to mediation before Magistrate Judge Terrence P. Kemp (ret.).

    **I.**     **THE MOTIONS (Docs. 71, 73, 81)**

From the start, Plaintiff's counsel and Defendant, who is proceeding pro se, have been unable to cooperate in this matter. And, with little success, this Court has tried to get them back on track. (*See, e.g.*, Docs. 47, 55, 56; *see also* Doc. 78 (forbidding emails to chambers due to discourteous communications)). Part of the problem has been Plaintiff's counsel's failure to abide by this Court's directive to arrange a conference to address disputes before filing a motion. (Doc. 38; *see also* Doc. 55 (noting Plaintiff's failure to arrange a conference with the Court as required)). Instead, Plaintiff's counsel has filed motions, seeking sanctions and fees at nearly every turn. (*See* Docs. 16 (seeking fees and costs under Rule 4(d), Doc. 17 (same), 18 (same), Doc. 46 (seeking

fees related to discovery), Doc. 54 (seeking fees related to Plaintiff's deposition), Doc. 57 (seeking fees under Rule 4(d), Docs. 73, 74, 81 (seeking fees related to timing of Defendant's payment)).

Currently before the Court are Plaintiff's requests for sanctions and fees related to money Defendant owed—and paid—related to his failure to waive service. (Doc. 68). On December 16, 2020, the Court ordered Defendant, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to pay Plaintiff $546.88 in attorney's fees and $18.75 in costs, for a total award of $565.63. (Doc. 68). Importantly, the Court did not set a deadline by which Defendant had to pay. Yet, only eighteen days after issuance of the Order, Plaintiff filed a show cause motion (Doc. 71). Plaintiff represented that Defendant had failed to make the payment, instead requesting a "payment plan without providing any particulars regarding terms and conditions." (Doc. 71 at 2). And, unsurprisingly, Plaintiff sought fees, interest, and costs. (*Id.*).

The Court held Plaintiff's Motion in abeyance to avoid costly briefing and to allow the parties to consider a payment plan as Plaintiff noted that Defendant had requested. The Court also wanted them to attempt to cooperate. It is not clear to the Court that any meaningful efforts to resolve Plaintiff's Motion were made. But it is clear that Defendant followed the Court's directive to share information about his finances (Doc. 77), and when the Court set a deadline for payment, Defendant complied. (*See* Docs. 78; 82).

Then, after Defendant paid, Plaintiff filed yet another motion for sanctions, seeking $11,287.50, which is roughly 20 times the amount due for Defendant's failure to waive service. In the Motion, she complains that Defendant had the ability to pay but didn't and was otherwise disingenuous. Plaintiff relies on Rule 11 of the Federal Rules of Civil Procedure and this Court's inherent power to sanction parties. Regardless of the path, no avenue leads to sanctions here. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (explaining standards for Rule 11 sanctions

and courts' inherent ability to sanction parties).  Most importantly, Defendant did not disobey any Court order.  In fact, the Court finds that Defendant has been fairly compliant, especially considering his pro se status.  And that status requires this Court to give him some latitude.

What is more, Defendant paid the fee related to his failure to accept service roughly two and half months after the Court determined what was owed.  That response time is relatively quick and, again, consistent with this Court's Order setting a deadline for payment.  There is no basis to sanction Defendant for when he paid.

Plaintiff also seems to want the Court to sanction Defendant for attempting to negotiate a payment plan and, in Plaintiff's view, not being as forthcoming about his finances as she wants.  To start, the Court finds nothing improper about Defendant asking Plaintiff if she would agree to a payment plan.  That is not uncommon.  Further, it shows this Court that Defendant intended to pay all along.  As for what Defendant has shared about his finances, the Court finds no bad faith there.  He submitted an affidavit regarding his income and expenses (Doc. 77), and ultimately the Court did not need to evaluate Defendant's ability to pay because he paid in full.

Accordingly, Plaintiff's First Motion to Show Cause (Doc. 71) and Plaintiff's First Motion for Sanctions Regarding Pay Plan Conduct (Doc. 81) are **DENIED**.  Given this posture, Plaintiff's First Motion to Clarify (Doc. 73) is **DENIED as moot**.

   II.     **MEDIATION REFERRAL**

Discovery in this matter is closed, and neither side has filed a dispositive motion.  The Court thus concludes that it is an opportune time for the parties to attempt to resolve this case extrajudicially.  The case is referred to a mediation before Magistrate Judge Terrence P. Kemp (ret.).  The mediation shall occur in either the second half of May or sometime in June.  The parties are **DIRECTED** to contact Judge Kemp via email (kempterryp@gmail.com) by April 18, 2021, to

coordinate schedules and confirm logistics for the mediation.  The parties are reminded of their obligations to act courteously to one another and to Judge Kemp.  Additionally, the parties must negotiate in good faith.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motions (Doc. 71, 73, 81) are **DENIED**, and this case is referred to mediation before Magistrate Judge Terrence P. Kemp (ret.).  The parties are **DIRECTED** to communicate with Judge Kemp by April 18, 2021.

IT IS SO ORDERED.

Date:  April 8, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE